UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JEAN SPEAR, BILLIE JEAN GERKE, and TWIN CEDARS CAMPING AND VACATION RENTALS, LLC,<br><br>Defendants. | Case No. 2:22-cv-00439-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Plaintiff United States of America's unopposed Motion for Order Allowing Discovery (Dkt. 26). For the reasons explained below, the Court will grant the Government's motion.

### BACKGROUND

On October 20, 2022, the Government filed a Verified Complaint against Defendants Michael J. Spear, Billie J. Gerke, and Twin Cedars Camping and Vacations Rentals, LLC, alleging three claims for ejectment, trespass, and nuisance all relating to the Defendants' allegedly unlawful possession and use of the United States' property. *See* Dkt. 1. The Government's Verified Complaint seeks relief in

**MEMORANDUM DECISION AND ORDER - 1**

the form of a declaration and judgment that the Defendants have violated the law, an injunction requiring Defendants to vacate the subject property and remove any encroachments, and disgorgement of any monies Defendants received for renting out the subject property to third parties. *See id.* at 16-17.

On October 30, 2022, and December 13, 2022, the Government served the Defendants with the Verified Complaint and summons. *See* Dkts. 6-8; Dkts. 10-11 (out of an abundance of caution, the Government elected to personally serve Ms. Gerke and Twin Cedars Camping a second time). On December 27, 2022, and January 4, 2023, Mr. Spear and Ms. Gerke filed an Answer and Duplicate Answer, respectively. *See* Dkts. 12 and 13.

Since filing their answers, the Defendants have apparently decided to refuse accepting any mail related to this lawsuit. *See Dkts*. 30-35, 38-47, 49-53. Among the letters refused by the Defendants were the Court's Standard Litigation Order and Order to Show Cause. *See* Dkt. 15 (informing the parties that they must file a joint Litigation Plan and Discovery Plan on or before March 2, 2023); Dkt. 16 (ordering Defendant Twin Cedars to obtain counsel in accordance with Rule 83.4(d) of the District of Idaho's Local Civil Rules). Also among those letters were multiple attempts by the Government to meet and confer as required by Federal Rule of Civil Procedure 26(f). *Pl. Br.*, Ex. 1-3, Dkt. 26. To date, the Defendants

**MEMORANDUM DECISION AND ORDER - 2**

have not responded to the Government's attempts to meet and confer, nor have they filed a Litigation Plan or Discovery Plan. *See Firpo Decl.*, ¶ 3, Dkt. 26-1. Based on this lack of participation, the Court has not been able to hold a scheduling conference or enter a case management order.

Despite the Defendants' refusal to meet and confer, the Government pushed forward with its case and filed a motion for summary judgment on April 3, 2023. *See* Dkt. 23. Since then, Ms. Gerke and Mr. Spear have filed three "notices" but did not clearly file an opposition to the Government's summary judgment motion. *See* Dkts. 29, 36, and 53 (the relevance of Ms. Gerke and Mr. Spear's "notices" is not readily apparent to the Court, nor do they indicate any connection to the Government's summary judgment motion).

Following its summary judgment motion, the Government filed the pending motion, requesting that the Court allow it to serve limited expedited discovery. *See* Dkt. 26. Like the motion for summary judgment, the Defendants did not oppose this motion.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) states that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule

**MEMORANDUM DECISION AND ORDER - 3**

26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." F.R.C.P. 26(d)(1). "Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference." *United States v. Firestone*, No. 19CV0003-DMS(KSC), 2019 WL 13212667, at *1 (S.D. Cal. June 11, 2019) (quoting *Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011)); *Allcare Dental Mgmt., LLC v. Zrinyi*, No. CV-08-407-S-BLW, 2008 WL 4649131, at *1 (D. Idaho Oct. 20, 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Melaleuca, Inc. v. Kot Nam Shan*, No. 4:18-CV-0036-DCN, 2018 WL 9988657, at *2 (D. Idaho Feb. 14, 2018) (quoting *Semitool, Inc. v. Tokyo Electron America*, 208 F.R.D. 273 (N.D. Cal. 2002)). "Courts have considered the following five factors in ruling on a motion for expedited discovery: (1) whether a preliminary injunction is pending; (2) the purpose for requesting the expedited discovery; (3) the breadth of the discovery request; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id*. (quoting *Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099 (N.D. Cal. 2012)) (internal quotations omitted).

**MEMORANDUM DECISION AND ORDER - 4**

## ANALYSIS

Through its motion, the Government seeks approval to serve limited discovery to determine how much revenue—the potential damages in this matter—the Defendants received concerning the alleged unlawful conduct of renting the United States' property to third parties. *Pl. Br.* at 1, Dkt. 26. Specifically, the Government requests that it be allowed to issue subpoenas to third-party vacation rental companies, such as Airbnb. *Id*.[1] The Government claims there is "good cause" to allow the expedited discovery because the Defendants have refused to meet and confer and are rejecting any mail related to this case. *Id*. at 4. The Court agrees and will therefore grant the Government's motion.

Here, the Defendants' refusal to meet and confer or generally participate in this litigation strongly weighs in favor of allowing the Government's requested discovery. *See Firpo Decl.*, ¶¶ 1-3, Dkt. 26-1; *Pl. Br.*, Ex. 1-3, Dkt. 26. Despite continuing to reject mail from both the Government and the Court, the Defendants' multiple filings show that they are unquestionably aware of this pending lawsuit. *See* Dkts. 12, 13, 18, 29, 36. While the Court would admittedly much prefer to rule

---

[1] While the Government specifically lists third-party subpoenas, it appears that its request for expedited discovery may be broader. *See id*. at 4. As discussed below, the Court will limit the expedited discovery to just third-party subpoenas on vacation rental companies.

on a motion after both parties have presented their positions, that is not the reality in this case. Rather, the Defendants' conduct has thwarted this case's natural progression, including the Court's ability to conduct a scheduling conference. In other words, but for the Defendants' refusal to actively participate in this litigation, the Government should be able to issue third-party subpoenas at this time without any procedural restrictions.

Additionally, the Government requested discovery is narrowly tailored to determining the potential damages caused by the Defendants' alleged misconduct in this matter. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 277 (N.D. Cal. 2002) (Finding good cause for expedited discovery where the discovery requests were narrowly tailored to "moving [the] case forward and facilitating compliance with the Patent Local Rules."). Further, the Government's means of discovery—third-party subpoenas—does not place an additional burden on any of the Defendants.[2]

---

[2] As discussed, the Government's request for expedited discovery could be read in a way that is broader than just third-party subpoenas. *See Pl. Br.* at 4, Dkt. 26. However, the Court will limit the Government's expedited discovery strictly to third-party subpoenas to vacation rental companies. Unlike the third-party subpoenas, other forms of discovery may increase the burden on Defendants or be less narrowly tailored to determining potential damages. Without a more detailed explanation of other expedited discovery the Government seeks, the Court is unable to determine if the good cause standard is met. If the Government is unable to obtain the information it seeks through the subpoenas, it should file an additional motion with a more detailed explanation of any further requested expedited discovery.

**MEMORANDUM DECISION AND ORDER - 6**

The Court recognizes that it is possible Defendants may suffer some prejudice if discovery occurs before a scheduling conference is held; however, any potential prejudice results from the Defendants' apparent refusal to participate in this litigation. Accordingly, the Court finds that the Government has met the good cause standard and will grant its motion for expedited discovery.

## ORDER

**IT IS ORDERED that:**

1. Plaintiff's Motion for Order Allowing Discovery (Dkt. 26) is **GRANTED** as it pertains to third-party subpoenas.

2. It is **FURTHER ORDERED** that Plaintiff may serve third-party Rule 45 subpoenas duces tecum on vacation rental companies related to the alleged unlawful use of the United States' real property, including Airbnb.

DATED: June 26, 2023

B. Lynn Winmill
U.S. District Court Judge