UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JEAN SPEAR, BILLIE JEAN GERKE, and TWIN CEDARS CAMPING AND VACATION RENTALS, LLC,<br><br>Defendants. | Case No. 2:22-cv-00439-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

Before the Court is a Motion for Default Judgment as to Defendant Twin Cedars Camping and Vacation Rentals, LLC, filed by the United States government. Dkt. 79. No response has been filed. The Court will grant the motion.

# BACKGROUND

In October 2022, the government filed a verified complaint against Mr. Spear, Ms. Gerke, and Twin Cedars alleging claims for ejectment, common law trespass, civil trespass under Idaho Code § 6-202(a), private nuisance, and public nuisance. *Compl.*, Dkt. 1. The action arose out of a dispute over Q-1783 and Q-

1786, two lake-front parcels of land owned by the United States government in northern Idaho. The defendants have possessed, used, advertised, and rented facilities or sleeping accommodations located on the tracts without the government's consent or permission. Mr. Spear and Ms. Gerke have proceeded pro se and filed an Answer and Duplicate Answer, but Twin Cedars has not. *See Answer,* Dkt. 12, *Duplicate Answer*, Dkt. 13. After the Answer and Duplicate Answer were filed, the Court issued an Order in which it warned Twin Cedars that it had not yet appeared and was subject to an entry of default. *Order to Show Cause*, Dkt. 16.

The Court entered summary judgment against Mr. Spear and Ms. Gerke on all of the goverment's claims except for its claim regarding public nuisance. *Order*, Dkt. 71. While finding no genuine dispute of material fact as to the claims alleging ejectment, common law trespass, civil trespass, and private nuisance, the Court was unable to enter judgment against Twin Falls because it had still not appeared or otherwise defended in the action. *Id.* Since the issuance of the Court's Order granting summary judgment against Mr. Spear and Ms. Gerke, the Clerk of the

**MEMORANDUM DECISION AND ORDER - 2**

Court has filed an entry of default as to Twin Falls.[1] Dkt. 78. The government subsequently filed the instant motion requesting that the Court enter default judgment against Twin Falls regarding the same claims for which summary judgment was previously entered against Mr. Spear and Ms. Gerke.[2]

## LEGAL STANDARD

A plaintiff may obtain a default against a defendant who fails to timely respond to a complaint. Fed. R. Civ. P. 55(a). Then, once a default is entered, the plaintiff may seek entry of default judgment (1) from the Clerk of Court if the sum is certain or can be made certain by computation or (2) upon application to the Court in all other cases. Fed. R. Civ. P. 55(b)(1) & (2). This case concerns Rule 55(b)(2) because the government seeks numerous forms of relief.

The disposition of a motion for default judgment is within the discretion of the district court. *Draper v. Coombs*, 792 F.2d 915, 924–25 (9th Cir. 1986). However, the court must consider seven factors in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4)

---

[1] The Clerk stated that Twin Cedars had "failed to obtain counsel, plead, or otherwise defend in this action" as directed in the Summons, Dkt. 2-2, and this Court's Order to Show Cause, Dkt. 16. Dkt. 78.

[2] The government also filed a motion for remedies (Dkt. 80) which the Court shall address in a separate order.

MEMORANDUM DECISION AND ORDER - 3

the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When a party is in default, all factual allegations in the complaint, except those relating to the amount of damages, are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

## ANALYSIS

The government argues that default judgment against Twin Cedars is appropriate because the Court has already entered summary judgment against the other two defendants regarding the same claims and the *Eitel* factors weigh in favor of this outcome. *Mot.*, Dkt. 79, at 3–4. The Court agrees.

The first *Eitel* factor is the possibility of prejudice to the plaintiff. Here, the government argues that Twin Cedars has ignored the proceedings in this action and remains in trespass on the subject property. The Court sees no mechanism other than default judgment by which the government can seek to protect its interest in Q-1783 and Q-1786.

The second and third *Eitel* factors – the merits of a plaintiff's claim and the sufficiency of the complaint – likewise weigh in the government's favor. This Court previously entered summary judgment against Mr. Spear and Ms. Gerke on

**MEMORANDUM DECISION AND ORDER - 4**

the government's claims for ejectment, trespass, and private nuisance. *Order*, Dkt. 71. Thus, the Court has already considered the merits of the government's claims and the sufficiency of its complaint. The claims on which summary judgment was entered as to Mr. Spear and Ms. Gerke are identical to those on which the government seeks default judgment against Twin Cedars.

The fourth *Eitel* factor is the sum of money at stake in the action. Default judgment is indicated with respect to this factor because, while the government seeks damages in excess of $440,000, the Court need not accept this amount as accurate. *See Heidenthal*, 826 F.2d at 917–18 (factual assertions regarding the amount of damages are not accepted as true on default judgment). Furthermore, the government seeks equitable relief in addition to money damages.

The fifth and sixth *Eitel* factors, the possibility of a dispute regarding material facts and whether the default was due to excusable neglect, weigh strongly in favor of default judgment because the Court has entered summary judgment on the same claims as to the other two defendants and because the Clerk has filed an entry of default against Twin Cedars. Where a party is in default, factual allegations aside from those regarding the damages themselves are taken as true. *Id.* As the government notes, Twin Cedars' failure to plead or otherwise defend in this action was not an instance of excusable neglect. Twin Cedars was physically

served with the verified complaint on its registered agent and co-defendant, Ms. Gerke. *Order*, Dkt. 71, at 5. Thus, no factual disputes exist as to Twin Cedars' liability regarding the claims for ejectment, trespass, or private nuisance, and the Court is satisfied that Twin Falls was aware of the proceedings against it yet elected not to defend.

The final *Eitel* factor is the Rules' strong policy favoring decisions on the merits. This factor weighs against default judgment in this case no more than in any other case where a defendant is in default for failure to plead or otherwise defend. Overall, the *Eitel* factors weigh heavily in favor of entering default judgment.

## ORDER

IT IS ORDERED that:

1. Plaintiff's Motion for Default Judgment as to Defendant Twin Cedars Camping and Vacation Rentals, LLC (Dkt. 79) is **GRANTED**. Default judgment is entered in favor of the Plaintiff and against Defendant Twin Cedars and Vacation Rentals, LLC, as to the Plaintiff's claims for ejectment, common law trespass, civil trespass, and private nuisance.

2. The Court shall issue a separate order addressing the Plaintiff's requests for relief.

MEMORANDUM DECISION AND ORDER - 6

DATED: March 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7