UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JEAN SPEAR, BILLIE JEAN GERKE, and TWIN CEDARS CAMPING AND VACATION RENTALS, LLC,<br><br>Defendants. | Case No. 2:22-cv-00439-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it the government's Motion for Attorney's Fees and Investigation Costs (Dkt. 86). Based on the briefing, record in the case, and the Defendant's failure to appear, the Court concludes that oral argument is unnecessary. For the reasons explained below, the Court will grant the government's motion in part and award the government's attorneys' fees in the adjusted amount of $27,750.40 and deny the government's investigative costs with leave to amend.

## BACKGROUND

This action arose out of a dispute over Q-1783 and Q-1786, two lake-front

MEMORANDUM DECISION AND ORDER - 1

parcels of land owned by the United States government in northern Idaho. In October 2022, the government filed a verified complaint against Mr. Spear, Ms. Gerke, and Twin Cedars, alleging claims for ejectment, common law trespass, civil trespass, private nuisance, and public nuisance. *Compl.*, Dkt. 1.

Roughly a year later, the Court entered summary judgment against Mr. Spear and Ms. Gerke on all the government's claims except for public nuisance. *MDO*, Dkt. 71. After that, the Clerk of Court filed an entry of default as to Twin Cedars, and the Court then entered a default judgment on the same claims in which the government prevailed against Mr. Spear and Ms. Gerke. *MDO*, Dkt. 82. Stated simply, all the named defendants have been found liable for ejectment, common law trespass, civil trespass, and private nuisance.[1]

Following the substantive resolution of the government's claims, The Court granted in part and denied in part the government's motion for remedies. *MDO*, Dkt. 83. Specifically, the Court ordered the defendants to disgorge any profits earned from renting the government's property but denied the government's

---

[1] After the Court determined that the defendants were liable for the claims above, the government moved to dismiss its claim for public nuisance. *See* Dkt. 85. The government reasoned that because the core of its case was resolved, there was no benefit to continuing the pursuit of its last remaining claim. Accordingly, the Court granted the government's request, which, in essence, resolved any liability issue. *See MDO*, Dkt. 91.

**MEMORANDUM DECISION AND ORDER - 2**

request for attorney fees and investigation costs. *Id.* The Court, however, instructed the government that it could renew its request after a judgment was entered. *Id.*

In accordance with the Court's direction, the government now submits its motion requesting an award of attorney's fees totaling $46,080 and investigative costs totaling $160,879.87. *Gov.'s Br.* at 6, Dkt. 86. As they have consistently done, the defendants did not file an objection to the government's request.

## DISCUSSION

### A.   Request for Attorney's Fees

The government first requests an award of attorney's fees in the amount of $46,080. *Gov.'s Br.* at 4, Dkt. 86. After reviewing the briefing and the record, the Court concludes the hourly rate charged by the government's attorney is reasonable, but the number of hours billed must be reduced to properly apportion the work done on the government's civil trespass claim.

According to Idaho Rule of Civil Procedure 54(e)(1) a court may award attorney fees to the prevailing party when a statute so provides. Under Idaho Code § 6-202(3)(b), a party found liable for civil trespass is liable for reasonable attorney's fees and reasonable costs associated with investigating the trespass. *See also Fischer v. Croston*, 413 P.3d 731, 741 (Idaho 2018) ("section 6-202 provides for a reasonable attorney fee for prevailing plaintiffs in a trespass action.").

**MEMORANDUM DECISION AND ORDER - 3**

In Idaho, the proper method for determining reasonable attorney's fees is the "lodestar" method. *Stanley v. McDaniel*, 913 P.2d 76, 80 (Idaho Ct. App. 1996). First, the court evaluates whether the rate charged and the hours expended by the attorney were reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The hourly rate and expended hours are then multiplied to calculate the reasonable attorney's fees. *Id.* The Court will discuss the government's hourly rate and hours expended in turn.

### 1. Hourly Rate

In support of its request, the government submitted a declaration from Assistant United States Attorney Robert Firpo, the only attorney who worked on this case. According to his declaration, Mr. Firpo's hourly rate is $256. *See Firpo Decl.*, Dkt. 86-2

He arrived at this number by using the calculation suggested by the Executive Office of the United States Attorneys, Resource Management and Planning Staff, which is "the AUSA's annual salary rate (i.e., the AUSA's annual rate of pay divided by 2,080) + the AUSA's hourly benefit rate (i.e., the AUSA's annual salary rate plus 30%) + the Department of Justice's current overhead rate ($93.64)." *Id.* at 3. In an abundance of caution, Mr. Firpo calculated his rate based on his 2021 annual salary and did not recalculate for his 2022 and 2023 salary

increases. Accordingly, the Court finds Mr. Firpo's hourly rate of $256 reasonable.

### 2. Hours Expended

The government has informed the Court that it spent 542 hours on this matter. The government, however, only requests an award of fees for a third of that time, attempting to apportion its request to account for only its civil trespass claim. The government explains that it pursued claims for ejectment, trespass, and nuisance. Thus, the government seeks an award of a third of its total hours—180 hours—that it claims fairly apportions its time spent on the trespass claim.

As the government correctly noted, under I.C. § 6-202, attorney's fees must be apportioned to only account for fees incurred in pursuing its civil trespass claim. *See Akers v. Mortensen*, 320 P.3d 418, 427 (Idaho 2014) ("I.C. § 6–202 only provides an award of attorney fees for those fees incurred in prosecuting the trespass under the statute[.]"). The Court, however, disagrees with the government's classification of its claims and, therefore, its apportionment of time spent on the civil trespass claim. As mentioned, Mr. Firpo reduced his hours by two-thirds in an attempt to apportion his work on the civil trespass claim. However, Mr. Firpo's apportionment oversimplifies the government's claims. To explain, under the government's trespass claim, it pursued both common law and statutory trespass claims. Similarly, the government argued that the defendant's

MEMORANDUM DECISION AND ORDER - 5

conduct amounted to both a private and public nuisance. Because the statute provides attorney's fees only for the civil trespass claim, the proper reduction is four-fifths, not two-thirds.

Accordingly, taking the 542 total hours worked and reducing it by four-fifths is 108.4 hours, which fairly apportions Mr. Fipro's work on the government's civil trespass claim. Thus—using the lodestar method—the Court finds that attorney's fees totaling $27,750.40 ($256 x 108.4 hours) is reasonable and will award such.

### B.    Reasonableness of the Requested Investigative Costs

Next, the government requests investigative costs in the amount of $160,879.87. *See Gov.'s Br.* at 6, Dkt. 86. In support of its request, the government provided a declaration by Omar Vega, the Branch Chief for Real Estate Management and Disposal for the United States Army Corps of Engineers. Based on Mr. Vega's declaration, the government requests an award for the following investigative costs: (1) $109,125.00 for 1,275 labor hours for staff at the Albeni Falls Dam, (2) $31,265.54 for a survey done by APS Survey and Mapping Inc., (3) $10,707.50 of labor costs by Geospatial Section and Contracting Section, (4) $1,177.31 of labor costs by real estate staff, (5) $2,563.22 for 19.5 hours of Mr. Vega's labor for the Real Estate Management and Disposal branch, and (6) $6,041.33 for 44.55 hours of Mr. Vega's and staff labor for the Real Estate

**MEMORANDUM DECISION AND ORDER - 6**

Management and Disposal branch. *See Vega Decl.* at 2-3, Dkt. 86-1.

While the government is correct that it is entitled to recover reasonable investigative fees, the Court concludes that Mr. Vega's declaration—without more—does not provide enough support for the Court to determine whether the government's investigative costs were, in fact, reasonable. *See* I.C. § 6-202(3)(a) (the prevailing party is only entitled to "*reasonable* costs associated with investigating any trespass[.]") (emphasis added). For example, the government failed to show why 1,275 hours of labor—or $109,125—was reasonable or necessary for "trips to the property to talk with Defendant Spear; paint over the blaze orange marking the trees on the subject property as private property; and assisting realty specialists in conducting inspections" *Vega Decl.* at 2, Dkt. 86-1. Moreover, neither the government's briefing nor Mr. Vega's declaration claims that all these costs were reasonable or necessary to pursue its civil trespass claim. Instead, Mr. Vega's declaration merely provides conclusory statements regarding the government's incurred expenses.

Simply put, without the government providing more information about why these costs were reasonable or necessary, the Court will deny its request for an award of reasonable investigative costs. The Court, however, will do so with leave

**MEMORANDUM DECISION AND ORDER - 7**

to amend and allow the government to resubmit its request.[2]

## ORDER

**IT IS ORDERED that:**

1. Government's Motion for Attorney's Fees and Investigation Costs (Dkt. 86) is **GRANTED in part and DENIED in part** as stated herein.

2. The Court hereby awards the government attorneys' fees in the amount of $27,750.40.

3. The Court denies the government's investigation costs with leave to amend.

DATED: July 3, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[2] Because the Court cannot determine whether such a significant portion of the government's request is reasonable, it will refrain from parsing through each specific request to find those that are more reasonable (i.e., APS's survey fees). Rather, the Court will provide the government to opportunity to resubmit its requests for costs with either more explanation or a limited scope of costs.

**MEMORANDUM DECISION AND ORDER - 8**