UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL JEAN SPEAR, BILLIE JEAN GERKE, and TWIN CEDARS CAMPING AND VACATION RENTALS, LLC,<br><br>    Defendants. | Case No. 2:22-cv-00439-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

INTRODUCTION

Before the Court is the United States' Motion to Strike or Dismiss Defendant Michael Spear's filings at Docket Entry Nos. 142 through 142-6. For the reasons explained below, the Court will grant the motion—striking immaterial and impertinent matter under Federal Rule of Civil Procedure 12(f) and dismissing with prejudice any portion of those filings that could plausibly be construed as asserting a cross-claim under Rule 12(b)(6). The Court will also *sua sponte* strike Spear's later submissions (at Dkts. 146 and 147) as those submissions suffer from the same defects.

1

**BACKGROUND**

This civil case was resolved nearly two years ago. The Court granted summary judgment in favor of the United States, entered a permanent injunction, and issued final judgment. Spear did not appeal. *See* Dkts. 71, 83, 84. Spear later refused to comply with the Court's injunction and failed to appear at hearings related to civil-contempt proceedings. The Court then initiated criminal contempt proceedings under Federal Rule of Criminal Procedure 42 and issued a bench warrant for Spear's arrest, which remains outstanding. *See* Dkts. 117, 119, 132, 136.

Despite the entry of final judgment—and despite failing to appear at the post-judgment contempt proceedings—Spear continues to submit lengthy, disorganized filings that bear no relationship to any pending matter. In May 2025, he filed a collection of documents labeled as "cross-claims" or a "cross-petition." *See* Dkts. 142–142-6. The government moves to strike this packet of materials. After the briefing on the government's motion was complete, Spear filed an additional packet of materials. *See* Dkts. 146, 147 (Sept. 15 and 23, 2025 filings)

**LEGAL STANDARD**

**A. Motions to Strike – Rule 12(f)**

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f). Material is immaterial if it "has no essential or important relationship to the claim for relief." *Fogerty v. Fantasy, Inc.*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Matter is impertinent if it consists of statements that "do not pertain, and are not necessary, to the issues in question." *Id.* (citation omitted). A matter is redundant if it needlessly duplicates other material in the complaint. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010). And, finally, scandalous matter includes allegations that improperly cast "a cruelly derogatory light" on a party or third person. *In re 2TheMart.com, Inc. Sec. Litig.,* 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000) (citation omitted).

**B. Motions to Dismiss – Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6), a pleading must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is not plausible if it rests on "labels and conclusions" or "a formulaic recitation of the elements." *Twombly,* 550 U.S. at 555. Most generally, a complaint or cross-claim must allege facts that put a defendant on "fair notice" of the claims against it, and must "state a claim to relief that is plausible on its face." *Id.* at 555, 557, 570.

For claims sounding in fraud, Rule 9(b) requires a party to state with

particularity the circumstances constituting fraud, including the "who, what, when, where, and how" of the misconduct. *See United States ex rel. Lee v. Corinthian Colleges,* 655 F.3d 984, 991 (9th Cir. 2011); *Cooper v. Pickett,* 137 F.3d 616, 627 (9th Cir. 1997).

## DISCUSSION

### A. Motion to Strike Dkt. Nos. 142 through 142-6

The documents filed at Docket Entries 142–142-6 consist almost entirely of material that has no relationship to the issues in this case. They include lengthy discussions of, among other things, ZIP codes, commercial divisions of the New York state courts, extraterritorial law enforcement principles, and personal theories about citizenship and sovereignty. None of this material bears on the closed civil case or the ongoing contempt proceedings. Moreover, portions of the filings purport to be submitted by an unnamed "Advocate" on Spear's behalf. Such filings are improper. See Dist. Idaho Loc. Civ. R. 83.4. For all these reasons, the Court will strike these filings under Rule 12(f).

### B. Motion to Dismiss any Claims Asserted in Dkt. Nos. 142 through 142-6

Alternatively, to the extent any portion of Spear's filing at Dkt. 142 through 142-6 purports to assert a cross-claim, the Court will dismiss those claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). Although largely incoherent, some portions of the filings appear to accuse federal prosecutors and

defense counsel of fraud or to allege trespass or seizure claims against the United States. Any such claim fails for at least the following reasons.

First, the filings do not satisfy Rule 8. They lack coherent factual allegations, fail to identify the defendants, and provide no plausible theory of liability. They also fail to meet the heightened standard of Rule 9(b) for allegations of fraud.

Second, any claim against the United States for trespass or seizure is barred by res judicata. The Court has already determined that the United States owns the property at issue and has entered final judgment.

Third, the filings come years after Spear's answer and long after final judgment. Any such claim is procedurally improper.

Because amendment would be futile, the Court will dismiss any putative claim with prejudice.

**C. The Filings at Dkt. Nos. 146 & 147**

Finally, the Court concludes, sua sponte, that Spear's filings at Dkts. 146 and 147 should be stricken under Rule 12(f). As noted above, Spear submitted these filings in September 2025—after briefing on the government's motion to strike or dismiss was complete. *See* Dkts. 146, 147. These filings contain, among other things:

- repetitive copies of documents previously filed;
- sovereign-citizen narratives;

- personal accusations against government officials and the Court;
- notices purporting to be official communications;
- dozens of pages of immaterial commentary on international law, military jurisdiction, UCC concepts, and other topics unrelated to this case.

These filings are untimely, immaterial, and impertinent. They do not relate to the closed civil case or to the ongoing contempt proceedings, and they are not proper motions or pleadings. The Court will therefore exercise its authority under Rule 12(f) and its inherent power to manage its docket to strike them sua sponte.

## ORDER

**IT IS ORDERED** that:

1. The United States' Motion to Strike or Dismiss (Dkt. 144) is GRANTED.

2. Defendant Michael Spear's filings at Dkts. 142 through 142-6 are STRICKEN pursuant to Rule 12(f).

3. Alternatively, to the extent any portion of the filings at Dkts. 142 through 142-6 purports to assert a cross-claim or other claim for relief, such claims are DISMISSED WITH PREJUDICE pursuant to Rule 12(b)(6).

4. Defendant Spear's filings at Dkts. 146 and 147 are STRICKEN under Rule 12(f) and the Court's inherent authority.



DATED: December 2, 2025

_____
B. Lynn Winmill
U.S. District Court Judge